**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

ANTHONY GAGLIARDO,
         Appellant,

     v.

DEPARTMENT OF
   TRANSPORTATION,
         Agency.

DOCKET NUMBER
DC-0752-15-0117-I-1

DATE: January 13, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Michael W. Pearson, Esquire, Phoenix, Arizona, for the appellant.

Elisabeth Boyen Fry, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which affirmed his removal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The agency's Federal Aviation Administration (FAA) removed the appellant from his Supervisory Aviation Systems Specialist position based on a charge of Inappropriate Conduct supported by 12 specifications. Initial Appeal File (IAF), Tab 4 at 17-23, Tab 5 at 128-33. The agency asserted that the appellant: (1) misused his position to help a private individual obtain employment on a subcontract; (2) impermissibly provided advice to a contractor regarding rate negotiations; (3) received "VIP" passes to a conference from a contractor that was providing services to his group; (4) provided feedback to a contractor in its drafting of a "Business Case" regarding what the contractor was supposed to be aware of and who would be the focal point for conversations; (5) improperly involved himself in the hiring process for several vacant positions for which a contractor had applied; (6) made inappropriate comments of a sexual nature in the workplace; (7) informed a coworker that her job would be "on the line" if she did not get funding approved that was necessary for contract approval; (8) informed a coworker that he would destroy her if she "sa[id] anything against [him]"; (9) informed a coworker on two occasions that he would "destroy him" if he

talked about the appellant behind his back or went around him; (10) made inflammatory statements and spread rumors about the personal lives of employees, specifically, that two coworkers were having an affair and cheating on their spouses; (11) poured alcohol into his coffee cup and drank it while in the office during duty hours; and (12) lowered his trousers and exposed his "behind" to highway traffic from his office window while others were present. IAF, Tab 5 at 128-30.

¶3 After a hearing, the administrative judge issued an initial decision that affirmed the agency's action upon finding that the agency proved its charge based on only four of the specifications, namely, specifications (2), (8), (9), and (10). IAF, Tab 145, Initial Decision (ID) at 1-27, 43. The administrative judge also found that the appellant did not prove harmful error, a due process violation, or reprisal for whistleblowing. ID at 27-39. Finally, the administrative judge found that the penalty of removal was reasonable and promoted the efficiency of the service. ID at 39-42.

¶4 The appellant has filed a petition for review of the initial decision, the agency has filed a response in opposition, and the appellant has filed a reply to the agency's response. Petition for Review (PFR) File, Tabs 4, 14-15.[2]

## ANALYSIS

<u>The appellant has not shown that the administrative judge erred in finding that the agency proved its charge by preponderant evidence.</u>

¶5 The appellant asserts on review that the agency did not prove specification (2) because the investigator of this misconduct indicated that none

---

[2] The appellant requests that the Board grant oral argument in this case. PFR File, Tab 4 at 5. In any case that is reopened or reviewed, the Board "may . . . [h]ear oral arguments." 5 C.F.R. § 1201.117(a)(2). We deny the appellant's request because he does not explain why he believes that such argument would assist the Board in deciding his case, *see Kravitz v. Department of the Navy*, 104 M.S.P.R. 483, ¶ 4 n.3 (2007), nor has he shown what evidence or argument he would present at oral argument or how such oral argument would add to the proceedings, *see Lee v. Department of Justice*, 99 M.S.P.R. 256, ¶ 7 n.4 (2005).

of the specifications could be substantiated by preponderant evidence without a more thorough investigation, including interviews of the appellant and others. PFR File, Tab 4 at 28. He also contends that the agency did not prove that he violated 5 C.F.R. § 2635.703(a), which, he asserts, is the regulation at issue in this specification, because it did not show that the contractor used the information and opinion that the appellant had provided to him. *Id.* at 28-29.

¶6    Contrary to the appellant's assertion, the Board need not consider the evidence an agency had before it when it proposed or effected an action because a Board appeal is a de novo review of the agency's evidence, and the Board will decide whether that evidence supports the charge. *See Barrett v. Department of the Interior*, 54 M.S.P.R. 356, 365 (1992); *see also Jackson v. Veterans Administration*, 768 F.2d 1325, 1329 (Fed. Cir. 1985) (requiring a de novo determination of the facts in a Board appeal). Thus, to have its action sustained, the agency must present preponderant evidence before the Board. *See* 5 U.S.C. § 7701(c)(1)(B); 5 C.F.R. § 1201.56(b)(1)(ii). The appellant has not, therefore, shown that the agency needed to show that the proposing and deciding officials had preponderant evidence in support of the action when they decided to take their respective actions. In any event, the thoroughness or lack of thoroughness of an agency investigation of alleged misconduct is not a proper basis for not sustaining an agency's charge. *Uske v. U.S. Postal Service*, 60 M.S.P.R. 544, 550 (1994), *aff'd*, 56 F.3d 1375 (Fed. Cir. 1995).

¶7    Moreover, we disagree with the appellant's contention that the agency did not prove a violation of 5 C.F.R. § 2635.703(a). Under section 2635.703(a), which addresses the use of nonpublic information, an employee "shall not engage in a financial transaction using nonpublic information, nor allow the improper use of nonpublic information to further his own private interest or that of another, whether through advice or recommendation, or by knowing unauthorized disclosure." Despite the appellant's contention that the individual to whom nonpublic information is provided must use the information to prove a violation,

the examples set forth in the regulation show otherwise. Example 1 describes a Navy employee who advises friends or relatives to purchase stock in a small corporation that will be awarded a Navy contract. 5 C.F.R. § 2635.703. Similarly, Example 2 provides that "[a] General Services Administration employee involved in evaluating proposals for a construction contract cannot disclose the terms of a competing proposal to a friend employed by a company bidding on the work." *Id.* These examples do not describe any use of the nonpublic information by the recipient of the information. In addition, our reading of the regulation is consistent with the history of the final rule implementing the regulation, which notes that the purpose of the broad principle underlying the regulation "is as much to protect nonpublic information as it is [to] ensure that the employee and others do not profit from the improper disclosure of such information." Standards of Ethical Conduct for Employees of the Executive Branch, 57 Fed. Reg. 35006, 35031 (Aug. 7, 1992). The Board's decision in *Suarez v. Department of Housing & Urban Development*, 96 M.S.P.R. 213 (2004), *aff'd*, 125 F. App'x 1010 (Fed. Cir. 2005), which the appellant cites on review, is distinguishable from this case. In *Suarez*, it appears that the agency alleged in its charge that the recipient of the nonpublic information used that information to purchase real estate. 96 M.S.P.R. 213, ¶¶ 2, 9, 13, 17-19, 26. Here, by contrast, the agency did not assert in the narrative underlying specification (2) that the individual who received the nonpublic information from the appellant ultimately used that information to further his own interests. IAF, Tab 5 at 128-29.

¶8        In any event, even if the appellant has correctly interpreted section 2635.703(a), he has not established that the agency needed to prove a violation of that section to sustain its charge. Unlike the agency in *Suarez*, 96 M.S.P.R. 213, ¶ 20, which expressly charged Ms. Suarez with violating section 2635.703(a), the agency in this case charged the appellant with "Inappropriate conduct," followed by a narrative of the facts underlying specification (2). IAF, Tab 5 at 128. An agency is not required to affix a label to

a charge but may simply describe actions that constitute misbehavior in narrative form in its charge letter; if the agency chooses to label an action of alleged misconduct, then it must prove the elements that make up the legal definition of the charge, if any. *Otero v. U.S. Postal Service*, 73 M.S.P.R. 198, 202 (1997). Here, the agency's charge and specification did not allege a violation of section 2635.703(a); thus, the agency did not have to prove a violation of the elements of section 2635.703(a). *Cf. Otero*, 73 M.S.P.R. at 203-04 (explaining that, because the agency charged the appellant with "improper conduct," it was not required to prove a threat under *Metz v. Department of the Treasury*, 780 F.2d 1001, 1004 (Fed. Cir. 1986), even though the narrative description of the misconduct accompanying the charge described the appellant's behavior as threatening). Although the agency mentioned section 2635.703(a) later in the proposal notice, it referenced that regulation in noting that the appellant's interactions with contract personnel "created the appearance of violating ethical standards." IAF, Tab 5 at 131.

¶9    The appellant further contends that the administrative judge improperly sustained specification (2) based on "a partial writing" because the agency did not produce in discovery parts of an email thread, which the appellant contends included communications that would exonerate him. PFR File, Tab 4 at 32-34. Although the appellant contends that the missing documents include a longer response he had written to "discrete questions" raised by a contractor, *id.* at 33, he does not describe the nature of his response or explain how it would tend to undermine the portions of the emails showing that he impermissibly provided advice to a contractor regarding rate negotiations. The administrative judge denied as untimely filed the appellant's motion to compel this information. IAF, Tab 47. The appellant has not alleged or shown that the administrative judge abused his discretion in this regard. *See Figueroa v. Department of Homeland Security*, 119 M.S.P.R. 422, ¶ 9 (2013) (holding that the Board will not reverse an administrative judge's rulings on discovery matters absent an abuse of

discretion), *overruled on other grounds by Singh v. U.S. Postal Service*, 2022 MSPB 15, ¶¶ 9, 11. Thus, he has shown no basis for disturbing the administrative judge's finding that the agency proved specification (2) by preponderant evidence.

¶10      The appellant also contends that the agency did not prove specification (8) because, among other things, the witness to this misconduct did not report the alleged threat to destroy her to anyone in a timely manner. PFR File, Tab 4 at 30. A petition for review must be supported by specific references to the record. 5 C.F.R. § 1201.114(b). Here, the appellant has not identified any evidence in the record supporting his contention that the witness did not report the alleged threat in a timely manner. In any event, the administrative judge found that this witness testified in a "sincere straight-forward manner." ID at 19. The Board must defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on observing the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). The appellant has not established that there are sufficiently sound reasons for overturning the administrative judge's credibility determinations regarding this witness. Under these circumstances, the appellant has not demonstrated that the administrative judge erred when he found that the agency proved specification (8).

¶11      Next, the appellant asserts that the agency did not prove specification (9) because the administrative judge found that the witness who alleged that the appellant engaged in this misconduct was not credible regarding specification (11) and that this witness was inconsistent as to when the misconduct underlying specification (9) took place. PFR File, Tab 4 at 29-30. As set forth above, specification (9) alleged that the appellant informed a coworker that he would "destroy him" if he talked about the appellant behind his back or went around him. IAF, Tab 5 at 129. An administrative judge is not

required to discredit a witness's testimony on all issues or charges once that testimony is discredited on one or more issues or charges. *Rackers v. Department of Justice*, [79 M.S.P.R. 262](link), 281 (1998), *aff'd*, 194 F.3d 1336 (Fed. Cir. 1999) (Table). Thus, the appellant has shown no error in this regard, particularly given that the administrative judge provided a persuasive explanation as to why he found the witness credible as to specification (9) but less credible regarding specification (11). ID at 20-21, 25. Moreover, even assuming that the witness was not clear as to whether the appellant made the charged statement before or after the witness left to serve on a detail at Joint Base Andrews, we find that this does not undermine his credibility. The agency charged that these types of statements were made in May 2012 and March 2013. IAF, Tab 5 at 129. Any imprecision regarding when the statements were made does not detract from this witness's credibility because he told the investigator and testified at the hearing that the appellant had made those types of threatening statements numerous times, i.e., at least six to eight times since 2011. IAF, Tab 6 at 106-07; Hearing Transcript (HT) (June 23, 2015) at 162-66. The witness also testified that he was not certain he told the investigator that the appellant made the statement before he left for the detail. HT (June 23, 2015) at 165-66. The investigator's memorandum of her interview with the witness was not signed by the witness or certified by him as accurate. IAF, Tab 6 at 106-14. Under these circumstances, the appellant has not shown that the administrative judge erred when he found that the agency proved specification (9).

¶12    Finally, the appellant asserts that the administrative judge should not have sustained specification (10) because the allegation that he spread a rumor that certain employees were having an affair was "dated" and inherently improbable. PFR File, Tab 4 at 31. We disagree. The appellant has not shown that the age of the rumor precluded the agency from relying on it in its charge of misconduct nor has he shown that it was inherently improbable that the appellant would spread such a rumor. Moreover, he has not shown that any delay in bringing the action

was unreasonable and that he was materially prejudiced by the delay. *See Kirkland v. Department of Homeland Security*, 119 M.S.P.R. 74, ¶¶ 22-23 (2013) (holding that the defense of staleness falls under the equitable doctrine of laches, under which an appellant must prove both that the delay in bringing the action was unreasonable and that she was materially prejudiced by the delay). Further, the appellant has not shown that it is inherently improbable that the subject of the rumor would bring the matter to the appellant's attention and ask him to initiate an investigation into the source of the rumor to "diffuse [his] rumor-spreading." ID at 22-24.

The appellant has not proven harmful error.

¶13    Harmful error is error by the agency in the application of its procedures that is likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error. 5 C.F.R. § 1201.4(r). The appellant asserts that the agency committed harmful error when it reopened a closed complaint (the April 2013 "Ward" complaint) in violation of FAA Accountability Board (AB) Order 1110.125a and used information it discovered during the course of that reopened investigation to support its action. PFR File, Tab 4 at 13-14, 16. In addition, he contends that the administrative judge incorrectly found that the investigation that led to his removal was based on a new AB complaint (the November 2013 "Carroll" complaint), which was entirely unrelated to the Ward complaint. *Id.* at 14-15.

¶14    FAA AB Order 1110.125a sets forth procedures for reporting, investigating, and processing allegations of harassment and other misconduct that creates a hostile work environment. IAF, Tab 8 at 54. It provides that, based on a preliminary assessment of the seriousness or sensitivity of the allegation, the complexity of the case, and the likelihood of determining the relevant facts in a short period of time, the Accountable Official, who is generally a high-level management official representing the organization employing the individual against whom an allegation is made, may either address the matter by conducting

an internal inquiry without requesting a formal investigation or refer the matter to the Accountability Board Coordinator and request a formal security investigation. *Id.* at 59-61, 66. If the Accountable Official determines that a formal investigation is not necessary, he or she has 15 workdays from the date the allegation was first reported in which to address the allegation, i.e., determine the facts and decide what, if any, action is appropriate and, where such action is appropriate, initiate that action. *Id.* at 66. If, within 15 workdays of the date the allegation was first reported, or the date the incident otherwise became known to management, it is determined that the facts of the case are sufficiently known to determine the appropriate course of action (including a determination that no further action is needed, which appears to have been the case regarding the Ward complaint), the management official may initiate action after coordination with the human resources point of contact (HR POC). *Id.* If the Accountable Official and the HR POC agree on the proposed action, the Accountable Official may initiate such action and report it to the Accountability Board, stating the allegation and the facts relevant to determining the appropriateness of the action taken, if any. IAF, Tab 8 at 67.

¶15 The appellant has not identified, and we have not found, any provision of FAA AB Order 1110.125a that would prevent the agency from reopening a complaint after an initial determination has been made during an internal inquiry that no action should be taken. *Id.* at 54-70. Although the appellant contends that an extension of time to complete a formal security investigation must be requested from the Accountability Board Director and that an Accountable Official cannot, therefore, begin such an investigation months after a complaint is received, PFR File, Tab 4 at 14, the appellant has not shown that this case involved an ongoing investigation in which an extension might have been needed and requested, IAF, Tab 8 at 68. We therefore agree with the administrative judge that, although the appellant identified at length the procedures applicable to the AB-related investigations, "neither the timing of the investigation nor the

procedural responses by management were overtly erroneous." ID at 32-33. Thus, regardless of whether the Ward complaint or the Carroll complaint prompted the investigation that led to the agency's action, the appellant has shown no error in the agency's procedures.

¶16    The appellant also asserts that the agency committed harmful error when it "made a determination" before the investigation was complete in violation of FAA AB Order 1110.125a, which provides that no "determination" may be made about an employee's conduct until the conclusion of the appropriate inquiry or investigation. PFR File, Tab 4 at 17. The appellant contends that the agency made a "determination" when it removed him, even though the investigator of his contract-related misconduct only submitted a memorandum of preliminary results, and the investigation had not, therefore, concluded. *Id.* at 17-18.

¶17    As set forth above, FAA AB Order 1110.125a provides procedures for reporting, investigating, and processing allegations of harassment and other misconduct that creates a hostile work environment. IAF, Tab 8 at 54. Although the appellant contends that the procedures set forth in the above order also apply to investigations that do not involve allegations of harassment or a hostile work environment, including the investigation of the ethical and contractual allegations at issue in this case, PFR File, Tab 4 at 17 n.11, we disagree. The appellant relies upon FAA Order 1600.38F for this contention, but that document does not appear to be included in the record of this case. Even if we were to take official notice of the version of FAA Order 1600.38F that is publicly available online, *see Lovoy v. Department of Health & Human Services*, 94 M.S.P.R. 571, ¶ 37 (2003) (taking official notice of pay tables that were published online); 5 C.F.R. § 1201.64, there is no indication in that order or its appendix that the FAA will apply the procedures set forth in FAA AB Order 1110.125a to investigations that do not involve allegations of harassment and a hostile work environment, *see* Order 1600.38F (Mar. 15, 2010), https://www.faa.gov/documentLibrary/media/Order/1600.38F.pdf (last visited January 6, 2022).

¶18    Even assuming that FAA AB Order 1110.125a did apply to the investigation in question, its provisions do not support the appellant's contentions. The provisions regarding making a "determination" before an investigation is completed address how a respondent, i.e., the individual against whom an allegation is made, is to be notified of the allegations against him and merely instructs supervisors not to make statements that imply judgment or culpability, assess the merits of the allegations, or make a "determination" about the respondent's conduct until the conclusion of the appropriate inquiry. IAF, Tab 8 at 59, 65. There is no suggestion in FAA AB Order 1110.125a that the "determination" in question relates to a decision to propose or take disciplinary action. There also is no indication in the record, and the appellant does not allege, that a supervisor failed to maintain such neutrality in notifying him of the nature of the allegations against him. Thus, we find that he has shown no error in this regard nor has he shown that the agency likely would have reached a different result in the absence or cure of such error.

¶19    The appellant further alleges that the agency committed harmful error when it violated the requirement in FAA AB Order 1110.125a that the Accountable Official coordinate with the designated HR POC when choosing an investigator, deciding whether to conduct an internal inquiry or a formal security investigation, and engaging in other phases of the Accountability Board process. PFR File, Tab 4 at 18-19. The appellant asserts that, although the Accountable Official conferred with other human resources officials, he did not coordinate with the HR POC. *Id.* at 18. The appellant contends that this error resulted in harm because "having a second set of eyes" on the Accountable Official's activities likely would have prevented many of the errors he allegedly committed in investigating and resolving the matter, including the alleged harmful errors set forth above. *Id.* at 19. The appellant also contends that the agency committed harmful error when it selected investigators who were not Special Agents with the Office of Civil Aviation Security Operations. *Id.* at 20-21.

¶20		We agree with the appellant that, under FAA AB Order 1110.125a, during all phases of the Accountability Board process, including the reporting of an allegation, interviewing a reporting party, and reviewing the facts of the case and determining whether to take corrective or disciplinary action, coordination with the HR POC is required.  IAF, Tab 8 at 62.  We also agree with the appellant that, after the Accountable Official notifies the Accountability Board Coordinator that an allegation warrants formal investigation, the Accountability Board Coordinator will refer requests for investigation to the Accountability Board Investigations Program Manager, "who will assign the allegation to the Office of Civil Aviation Security Operations or appropriate regional or center Civil Aviation Security Division." *Id.* at 67.  Here, even assuming that the agency failed to follow these requirements, the appellant has not shown that any such error likely caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error.  *See Leftridge v. U.S. Postal Service*, 56 M.S.P.R. 340, 344-45 (1993).  The appellant does not, for example, identify on review any testimony from the HR POC as to how that individual would have acted if coordination had taken place or any testimony or other evidence showing that the agency likely would have reached a different result if the investigation had been assigned to a Special Agent.  Thus, we agree with the administrative judge that the appellant has not proven his harmful error allegation.

The appellant has not proven a due process violation.

¶21		The appellant asserts that the agency denied him a meaningful opportunity to respond to the proposal notice and thereby violated his due process rights, when it "fail[ed] to disclose materials in its possession that would allow Petitioner to defend himself against the specifications."  PFR File, Tab 4 at 22.  In apparent support of this argument, the appellant contends that the administrative judge improperly denied as untimely filed his motion to compel the production of certain documents.  *Id.* at 23-24.

¶22    The essential requirements of constitutional due process for a tenured public employee are notice of the charges against him, an explanation of the evidence, and an opportunity for him to present his account of events. *Henderson v. Department of Veterans Affairs*, 123 M.S.P.R. 536, ¶ 11 (2016).  Here, as required by 5 C.F.R. § 752.404(b)(1), the agency indicated in its proposal notice that it had attached the material it relied upon to support the proposed action. IAF, Tab 5 at 132.  The proposal notice listed 26 attachments that included, among other things, an investigative report, an investigative summary, multiple interviews with witnesses, along with relevant emails, and two AB case reports. *Id.* at 132-33.  The appellant filed a 17-page reply to the proposal notice that addressed each of the agency's 12 specifications in detail, along with 15 exhibits comprising over 100 additional pages.  IAF, Tab 5 at 4-127.  The appellant does not allege on review, and it does not appear from his attorney's response to the proposal notice, that he did not understand the agency's charge.  As found by the administrative judge below, the appellant has not identified any material actually considered by the deciding official that he did not receive, other than generally alleging that the agency "fail[ed] to disclose materials in its possession."  ID at 33.  Thus, we find that he received sufficient notice to enable him to make a meaningful reply.  *See Alvarado v. Department of the Air Force*, 97 M.S.P.R. 389, ¶¶ 8-13 (2004).  Moreover, the appellant has shown no error in the denial of his motions to compel as untimely filed.  *E.g.*, IAF, Tab 21 at 4, 32, 39, 47, 87, 108; *see also* 5 C.F.R. § 1201.73(d)(3).

The appellant has not shown that the administrative judge erred when he found that the appellant did not prove that his disclosures were a contributing factor in the removal action.

¶23    The appellant asserts that, contrary to the findings of the administrative judge, the deciding official knew of his disclosures before he effected the removal action.  PFR File, Tab 4 at 25.  In this regard, the appellant contends that an investigator uncovered allegations that the deciding official "steered" $3 million

to a contractor to do a special study before the requirements of the study had been identified, and the appellant notified the deciding official in his response to the proposal notice that he was being retaliated against "due to his knowledge of widespread fraud, waste, and abuse within the FAA" and that he had "notified his supervisors and congressional sources of these issues." *Id.* The appellant further contends that witnesses at the hearing testified that the appellant reported his "concern" to his superiors, including the deciding official. *Id.*

¶24     The administrative judge found that the appellant did not claim that he notified the deciding official of illegal conduct, gross mismanagement, a gross waste of funds, or any other whistleblowing communication. ID at 38. The administrative judge also found that the deciding official testified in a patient, calm, and sincere manner and "presented the affect of one seeking to achieve the right result for the right reason without motive to retaliate." ID at 38. Thus, the administrative judge credited the deciding official's testimony that he did not know that the appellant made protected disclosures to him or to any other authority and found that the appellant did not prove by preponderant evidence that his disclosures were a contributing factor in his removal. ID at 38-39.

¶25     As set forth above, the Board must defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on observing the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe*, 288 F.3d at 1301. Here, the administrative judge explicitly relied upon the deciding official's demeanor in finding that he was not aware of the appellant's disclosures when he took the removal action. The appellant has not set forth sufficiently sound reasons for overturning the administrative judge's credibility determination. Although the appellant contends that an investigator uncovered alleged wrongdoing by the deciding official, this does not establish that the deciding official was aware of the appellant's disclosures. Further, the appellant's general assertion in his response to the proposal notice that he was

being retaliated against due to his "knowledge" of fraud, waste, and abuse, and that he notified his supervisors and congressional sources of "these issues," IAF, Tab 5 at 6, does not establish knowledge by the deciding official of any of the particular disclosures found to be protected in this case. Moreover, the appellant has not described the testimony in question of the witnesses he refers to on review nor has he shown that any such testimony establishes a basis for reversing the administrative judge's decision. PFR File, Tab 4 at 25. Finally, the appellant has not identified any agency authority that required the deciding official to recuse himself from deciding the appellant's case. *Id.* at 27. Thus, we find that the appellant has shown no basis for disturbing the administrative judge's determination that he did not prove reprisal for whistleblowing.

The appellant has not shown that the administrative judge erred when he found that the penalty of removal was reasonable.

¶26    The appellant asserts that the penalty is unreasonable because the administrative judge improperly sustained certain specifications. PFR File, Tab 4 at 31-32. As set forth above, however, the appellant has not shown that the administrative judge erred in sustaining those specifications. Thus, he has shown no basis for disturbing the administrative judge's findings regarding the penalty.

¶27    Accordingly, we deny the appellant's petition for review and affirm the initial decision's determination to sustain the appellant's removal.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation

for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. \_\_\_\_ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

    If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

    If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

    **(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of <u>the date of issuance</u> of this decision. <u>5 U.S.C. § 7703</u>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                      /s/ for
                                    _____
                                    Jennifer Everling
                                    Acting Clerk of the Board

Washington, D.C.